## Fred Rose, by George Rose, Defendant in Error, v. Helen Morton, Plaintiff in Error.

### Gen. No. 6,236.     (Not to be reported in full.)

Error to the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action by Fred Rose, minor, by his next friend, George Rose, plaintiff, against Helen Morton, defendant, to recover damages for personal injuries sustained by being thrown from defendant's horse. From a judgment for plaintiff for $1,000, defendant brings error.

COOKE, POPE & POPE, for plaintiff in error.

DANIEL P. TRUDE and THOMAS J. PEDEN, for defendant in error; M. MARSO, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 187*—*when evidence sufficient to sustain verdict for plaintiff in action for injuries sustained by rearing of horse being backed.* In an action for damages for personal injuries negligently sustained, where it appeared in proof that the defendant, while training a horse which she knew was accustomed to rear up whenever a curb bit was used and would not back, asked the plaintiff, a boy under sixteen and one-half years old, and a stranger to her, to back the horse, not telling him about the horse's disposition, and the plaintiff accordingly got on the horse and pulled on the curb bit, with which he was not acquainted, in order to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rose v. Morton, 204 Ill. App. 108.

back the horse as directed by the defendant, whereupon the horse reared and fell backward, breaking plaintiff's leg, evidence *held* sufficient to sustain a verdict for the plaintiff.

2. NEGLIGENCE, § 128*—*when declaration is good after verdict.* Where a declaration, in an action to recover damages for injuries sustained by reason of defendant's horse rearing and throwing plaintiff while he was riding it, by the defendant's direction, whereby he was injured, failed to allege that the horse was accustomed to rear, as shown by the proof, *held* that the declaration was good after verdict notwithstanding such variance, no claim being made during the trial as to the variance.

3. DAMAGES, § 124*—*when verdict for personal injuries as remitted is not excessive.* Where the plaintiff was in a hospital by reason of the alleged injury to his leg for eight weeks, wearing splints, and a plaster cast for two or three weeks thereafter and crutches for some further time, both bones being broken, with good recovery but usual restricted knee motion, and pains at the time of trial two and one-half years after the accident, *held* that a judgment for $1,000, on remittitur from a verdict for $2,000, was not excessive.

4. APPEAL AND ERROR, § 1466*—*when admission of evidence relating to accident insurance company in personal injury action is harmless error.* The admission of evidence in an action for personal injuries showing that an accident insurance company had nothing to do with the action is not reversible error, particularly where no objection was made to its admission on the trial, and also where a remittitur of one-half of the verdict was made.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.